# Hurd *v.* The State.

*Indictment for Larceny from Person.*

1. *Charge as to reasonable doubt "arising out of any part of the evidence."*—A charge asked in a criminal case, in these words, "If the jury, upon considering all of the testimony, have a reasonable doubt about the defendant's guilt, arising out of any part of the evidence, they should find him not guilty," asserts a correct legal proposition, and its refusal constitutes reversible error.

FROM the Circuit Court of Pike.

Tried before the Hon. JOHN P. HUBBARD.

The defendant in this case was indicted for the larceny of four dollars in silver from the person of John Hobdy. On the trial, the prosecutor testified that, on a specified night, he and the defendant, having been drinking with others at a bar-room in Troy, left at twelve o'clock, when the house was closed, and walked away together; that he had about six dollars in his pocket, which he pulled out and showed to the defendant, who snatched four dollars of it, and ran away. The defendant, testifying for himself, denied the alleged larceny, and said that he was not in the defendant's company on that night; and he introduced other witnesses, whose testimony tended to prove an *alibi*. The defendant requested the following charge, with others, and duly excepted to its refusal:

(3.) "If the jury, upon considering all of the testimony, have

[Hurd v. The State.]

a reasonable doubt about the defendant's guilt, arising out of any part of the evidence, they should find him not guilty."

ROBERT L. HARMON, for appellant.

WM. L. MARTIN, Attorney-General, for the State.

STONE, C. J.—It is certainly the duty of the jury, in pronouncing on issues submitted to them, to consider and weigh all the testimony in the case. This does not mean that all, or any of it, shall be believed. The law exacts no such rule as that. It must be considered, and given such weight as the manner of giving it in, its intrinsic nature, and the other testimony in the cause entitle it to. This much, and nothing more. This the jury must and will do, as the only way of performing their highest, sworn duty of rendering a true verdict according to the evidence. And the jury would be derelict, if a segregated part of the testimony were made the basis of a verdict, without at least considering what influence should be accorded to other testimony in the cause. A finding of the jury, based on any other principles, would not come up to what the word verdict implies—*veredictum*, a true saying. It would not be the truth. And this rule applies in all issues submitted for decision, without reference to the parties, their pursuits, calling, race, or condition in life ; for all have equal rights before the law. It is for these reasons that we have uniformly held that charges should not, as a rule, select a portion of the testimony, or a part only of several material, controverted propositions, and seek to make such selected part, without reference to other testimony, and without reference to other qualifying inquiries of fact, decisive of the entire controversy. Charges thus framed have a tendency to mislead, and to give undue prominence to a part of the testimony, or to a selected phase of the inquiry. But we have not held, and could not hold, that when there is an entire failure of proof as to any separable, necessary ingredient of a public offense, or private claim, a charge to that effect may not be asked, and should not be given when asked.—2 Brick. Dig. 111, *et seq.*, §§ 83, 84, 85, 93. So, charges so framed as to be likely to mislead, or confuse the ordinary mind, should never be given. *Carney v. State*, 79 Ala. 14 ; *Street v. State*, 67 Ala. 87.

We think charge 3, as asked, asserts a clear legal proposition, is free from ambiguity and tendency to mislead, and that it ought to have been given.

Reversed and remanded.