# Riddle v. Webb.

## *Action for Breach of Warranty.*

1. *Warranty; what constitutes breach.*—Where during the negotiation of a trade for some mules, the purchaser said to the vendor, "If there is anything wrong with these mules not discernible, I want you to tell me," and the vendor replied, "They are as sound as a dollar," and the trade was made upon the faith of such statement, the statement amounted to warranty of the soundness of the mules traded, for the breach of which the vendor was liable.

2. *Same; action for breach; contributory negligence has no application.* In an action to recover damages for the breach of a warranty in a sale, the doctrine of contributory negligence has no application; and charges which seek to invoke it as applicable and as a defense are erroneous and properly refused.

3. *Charge of court to jury; argumentative.*—A charge which instructs the jury that "When a plaintiff comes into court and undertakes to sustain his case by oral admissions or statements made by his adversary after the law suit has been commenced, such testimony should be received with great caution, because of the improbability that a party to a suit would make statements prejudicial to his own case, and because of the fraility of memory and the inability of witnesses to remember the precise words used, and their liability to misunder-

stand what was really said, or to leave out or add something to it un-
intentionally; this kind of evidence is subject to much imperfection,
and therefore weak in its character," is purely argumentative, and is
properly refused.

4. *Same; invasive of the province of the jury.*—A charge is invasive
of the province of the jury and properly refused, which instructs
them that their determination of the case must be reached from the
whole evidence, and not from one or more sentences alone; since,
although it is the duty of the jury to consider all the testimony, it is
nevertheless for them to determine the weight and value of the sev-
eral parts of the evidence, and if the circumstances justify it, they
may accept a part, and reject the balance.

5. *Warranty; belief of fact stated does not exclude liability; charge to
jury.*—Where in the sale of personal property, the purchaser asks the
vendor if there was anything the matter with the property about to
be purchased, to tell him, saying that if there was he would hold the
vendor responsible, and the latter stated that the property was
sound, and upon the faith of this statement the purchase was made,
such statement constitutes a warranty of the soundness by the ven-
dor of the property sold, for the breach of which he is liable in dam-
ages, notwithstanding that at the time of making the statement he
honestly believed it was true; and in an action to recover damages
for the breach of such warranty, a charge to the jury which predi-
cates defendant's right to a verdict upon the hypothesis that he be-
lieved said statement to be true, and that it was made in good faith,
ignoring the phase of the evidence tending to show that the purchase
was made upon the faith of such statement by defendant, which
would authorize a verdict for plaintiff, is erroneous and properly re-
fused, because it ignores a material part of the evidence.

APPEAL from the Circuit Court of Jackson.

Tried before the Hon. JOHN B. TALLY.

This action was brought by the appellee, L. T. Webb,
against the appellant, Benjamin Riddle, to recover dam-
ages for breach of warranty in the sale of a mule; the al-
leged breach being that said mule was unsound in eye-
sight, which was not discernible by ordinary observa-
tion; and that the sale was made by reason of the fraud-
ulent misrepresentations of the defendant that said mule
was wholly sound. The defendant pleaded that the
mule was sound; that he did not warrant the soundness
of the mule; that he made no fraudulent representations
as to its soundness, and that he did not know of
the unsoundness of said mule at the time of the trade.
The plaintiff as a witness in his own behalf testified,
that he traded two mares and other stock to the defend-

[Riddle v. Webb.]

ant, Riddle, for a pair of mules ; that at the time of the making of said trade he told Riddle, the defendant, ''that if there was anything wrong with the mules, which plaintiff could not discern, he wanted the defendant to tell him about it ; that the defendant told him in reply that there was nothing the matter with the mules; that they were as sound as a dollar, except that one of them had a big ankle, and the other had been hit in the eye with a whip, but defendant said that he thought it was all right now.'' This witness further testified that a short time after the trade, he discovered that the eyes of one of the mules were affected, and that it afterwards went blind. This witness further testified that after a trial before the justice of the peace, he and the defendant were talking about the case, and the defendant told the plaintiff that if he had not succeeded in trading said mules to plaintiff he would have gone back on the man he got them from. There was also evidence introduced on the part of the plaintiff tending to show that the eyes of one of the mules were diseased, which rendered said mule less valuable. It was also shown by the testimony for the plaintiff that while he had the mule he used them in hauling timber, notwithstanding the eyes of one of them were affected and diseased. The defendant testified as a witness in his own behalf that if there was anything wrong with the eyes of one of the mules at the time they were traded to the plaintiff he had no knowledge of it ; and that while he owned the mules, one of them was hit in the eye with a whip, but the mule recovered from this before the trade was made. There was also evidence for the defendant tending to show that the mule's eyes were only temporarily affected.

Upon the introduction of all the evidence, the defendant requested the court to give to the jury the following written charges, and separately excepted to the court's refusal to give each of them as asked : (1.) "If the plaintiff relies on a warranty he must prove a warranty to the satisfaction of the jury. And in order to establish a warranty it is not sufficient to show that during the negotiation plaintiff said to defendant, 'Now, if there is anything wrong with these mules not discernible, I want you to tell me, and defendant said they were as sound as a dollar,' this would be a mere expression of an opinion and no recovery could be had on a wrong on

[Riddle v. Webb.]

such proof; it would be a mere expression of an opinion." (2.) "If the jury are reasonably satisfied from the evidence that the plaintiff put or permitted the mule to be put to hauling timber under such circumstances as was likely to increase the injury to the mule's eyes, and the jury are reasonably satisfied that the diseased condition of the eyes were increased, and brought about permanent disease or damage; then by his carelessness he contributed to the injury and can not recover, and their verdict should be for the defendant." (3.) "When a plaintiff comes into court and undertakes to sustain his case by oral admissions or statements made by his adversary after the law suit has been commenced, such testimony should be received with great caution, because of the improbability that a party to a suit would make statements prejudicial to his own case, and because of the frailty of memory and the inability of witnesses to remember the precise words used, and their liability to misunderstand what was really said, or to leave out or add something to it unintentionally; this kind of evidence is subject to much imperfection, and therefore weak in its character." (4.) "No warranty or other fact can be proven by singling out one part of what was said or done tending to show the fact and ignoring others; it must all be taken and considered together, and the determination reached from the whole evidence and not from one or more sentences alone.". (5.) "When the plaintiff got the mules, if he discovered that one of them had a sore eye or eyes, and while in that condition he made such a careless and reckless use of it by putting it to hauling lumber over a long and rough road, and such use of the mule brought about or contributed to the injury or damage to the mule, then he can not recover, and the verdict should be for the defendant." (6.) "If the jury are reasonably satisfied from the evidence that the plaintiff permitted the mule to be used in hauling lumber while its eyes were sore or inflamed; and that this use was of such a character as to cause its eyes to grow worse and finally defective, then he contributed to the injury in such a way that it defeats his right to recovery, and their verdict should be for the defendant." (7.) "If the defendant during the negotiation told the plaintiff that the mules were as sound as a dollar except the

[Riddle v. Webb.]

big ankle, and that he had been struck over the eye but it had got all right, and this was an, expression of an opinion, and defendant believed this to be true and made it in good faith, then he would not be responsible, notwithstanding one of the mules may be proven to have diseased eyes.'' (8.) "Notwithstanding one of the mules may have had one or both of its eyes hurt while Riddle had it, still if Riddle doctored the eye and got it well or apparently well, and plaintiff took it and discovered in a few days that its eyes were not well, and while in that condition he let Elzevan Saunders or Nevels have it to haul lumber over a rough road eight or nine miles, and they, or either of them, took the mule and put it to this work and hauled with it until it was blind, or in a manner so, and then sent it home, if this was an improper and negligent treatment, and the jury believe that this disease of the eyes was brought about and aggravated by this treatment as shown by the evidence, then this was such contributory negligence as would defeat plaintiff's recovery.''

There was judgment for the plaintiff. The defendant appeals, and assigns as error the refusal of the court to give the charges asked by the defendant.

J. E. Brown, for appellant, cited, *McPherson v. Foust*, 81 Ala. 295; *Railroad Co. v. Sampson*, 91 Ala. 560; *White v. Craft*, 91 Ala. 139; *Hussey v. State*, 86 Ala. 34; *Rutledge v. State*, 88 Ala. 85; *Salm v. State*, 89 Ala. 56.

No counsel marked as appearing for appellee.

HEAD, J.—If during the negotiation of the trade plaintiff said to defendant, "If there is anything wrong with these mules not discernible, I want you to tell me," and defendant said they were as sound as a dollar, it can not be affirmed as matter of law that the statement of the defendant was the mere expression of an opinion. The defendant was not called upon to express an opinion, but he was required to state absolutely whether there was anything wrong with the mules not discernible or not. And the defendant responded absolutely that they were as sound as a dollar. If the trade was made upon faith of this statement, it amounted to a warranty of

soundness. Charge No. 1 was, therefore, properly refused.

This is not a case for the application of the doctrine of contributory negligence, as charges Nos. 2, 5, 6 and 8 seek to invoke. Those charges were properly refused.

Charge No. 3 is an argument pure and simple. Its refusal was proper.

Charge No. 4 invaded the province of the jury. It is true that it is the duty of the jury to consider all the testimony, but it is for them to determine the weight and value of the several parts thereof, and if the circumstances justify it they may accept a part and reject the balance. It will not do, therefore, to instruct the jury that their determination of the case must be reached from the whole evidence, and not from one or more sentences alone. Charge No. 4 was, therefore, properly refused.—*Hurd v. State*, 94 Ala. 100.

Charges No. 7 fails to set forth all the material phases of the plaintiff's case as disclosed by the testimony, and requires a finding against the plaintiff upon one phase of the testimony only, if the jury shall believe as therein hypothesized. Thus the charge instructs that if the defendant told the plaintiff that the mules were as sound as a dollar except the big ankle, and that he had been struck over the eye, but it had got all right, and this was an expression of an opinion, and the defendant believed this to be true and made it in good faith, then he would not be responsible, notwithstanding one of the mules may have proven to have diseased eyes. Now, one Newton Garner testified for the plaintiff that he was present when the trade was made, and that plaintiff said to defendant, "Now Ben, if there is anything the matter with these mules that I can't see, I want you to tell me; if there is anything wrong with them I am going to come back on you;" that defendant replied that they were all right, were as sound as a dollar. If the jury accepted this phase of the testimony as the true one, and a trade was made upon the faith of what was said, then there was in law a warranty of soundness which imposed liability upon the defendant although what he said may have proceeded from opinion and not from absolute knowledge. The defendant may not have known of the existence of any disease in the animal and may have honestly believed there was none, yet, if so believ-

[Coaldale Brick & Tile Co. v. Southern Construction Co. of Kentucky.]

ing, he stated as an absolute fact that the mules were sound, in response to the plaintiff's declaration that he would come back on him if they were not, the assurance, nevertheless, had the effect of a warranty binding upon the defendant. The charge in question does not exclude this liability upon a finding by the jury that this is not the true aspect of the case.—*White v. Craft*, 91 Ala. 139.

We find no error in the record, and the judgment of the circuit court is affirmed.