# Griffin *v.* The State.

*Assault with Intent to Murder.*

(Decided March 2, 1907.   43 So. Rep. 197.)

1. *Criminal Law; Instructions; Reasonable Doubt.*—A charge asserting that if the jury have a reasonable doubt of the defendtant's guilt arising out of any part of the evidence, after a consideration of the whole evidence, they must not find him guilty is correct and improperly refused.

2. *Same.*—It is not error to refuse a charge that asserts that before the jury can convict the defendant they must be satisfied to a moral certainty, not only that the proof is consistent with defendant's guilt but that it is wholly inconsistent with every other rational conclusion.

3. *Same; Instructions Covered by Those Given.*—It is not error to refuse instructions substantially covered by instructions given.

4. *Homicide; Trial; Jury Question.*—It is for the jury to determine whether the assault was the result of giving away to sudden passion, reasonably excited by and in resentment of an insult, or whether it was in the execution of a formed design to take life using the insult as a mere pretext and it is not an evidential or legal presumption.

5. *Criminal Law; Instruction; Form or Language.*—A charge asserting that the absence of sufficiently satisfactory evidence before the jury may offer ground for reasonable doubt of defendant's guilt is unintelligible and not certain and definite.

6. *Same; Abstract Instruction.*—As motive never justifies an assault with a weapon, a charge is abstract which asserts that the jury should consider the evidence tending to show a justifying motive in connection with the other evidence, and if they are in reasonable doubt of the defendant's guilt they should acquit him.

7. *Same; Instructions; Reasonable Doubt.*—It was error to refuse an instruction that the jury should acquit unless the evidence exclude every reasonable supposition but that of defendant's guilt.

APPEAL from Jefferson Criminal Court.
Heard before Hon. S. L. WEAVER.

4 R

Robert L. Griffin was convicted of assault with intent to murder, and appeals. Reversed and remanded.

The defendant was indicted for assaulting Colmer C. Hudson, unlawfully and with malice aforethought, with the intent to murder him by cutting him with a knife. The evidence for the state tended to show that between 6 and 7 o'clock, on Saturday evening, June 24, 1905, Hudson, Kirby, and Corn were going up Second avenue in the city of Birmingham, and as they passed the Age-Herald's office the defendant was standing in the door of the office, Hudson spoke to the defendant,and asked him if he wanted to work on the Age-Herald that night. Defendant said that he had not seen Watkins, and that he wanted to see Hudson about what Watkins had said to Hudson. Hudson said to defendant, "I can take care of myself." Defendant replied, "That is to be tried for," ran his hand in his hip pocket, pulled out a knife, and cut at Hudson, and cut his throat on the left side. Hudson pushed him down, and he came back at Hudson and cut his throat. There was some conflict in the testimony as to what was said between the two, but the main facts testified to were substantially as given above. The defendant's testimony tended to show self-defense. The physician testified that Hudson was cut on the left side of the neck; the external and internal jugular veins being cut.

The following charges were requested by the defendant. and refused: "(1) I charge you to acquit the defendant unless the evidence excludes every reasonable supposition, but that of defendant's guilt." "(3) If there is a reasonable supposition of defendant's innocence, you must acquit him." "(5) If the jury, upon considering all the evidence, have a reasonable doubt about defendant's guilt, arising out of any part of the evidence, they must not find him guilty. (6) If the evidence, or any part thereof, after a consideration of the whole of such evidence, generates a well-founded doubt of defendant's guilt, the jury must acquit him." "(11) Gentlemen of the jury, you should acquit the defendant, unless the evidence excludes every reasonable

supposition but that of his guilt. (12) If there is generated in the minds of the jury, by the evidence in this case, or any part of the same, after a consideration of the whole of such evidence, a well-founded doubt of defendant's guilt, then the jury must acquit him." "(19) Before the jury should convict the defendant, the hypothesis of his guilt should flow naturally from the facts proved and be consistent with all of them." "(21) it is the duty of the jury to consider the evidence tending to show a justifying motive, in connection with the other evidence in the case, and, if they are in reasonable doubt of his guilt, they should acquit him." Charge 22 is set out on the opinion. "(25) Before the jury can convict the defendant, they must be satisfied to a moral certainty, not only that the proof is consistent with the guilt of the defendant, but that it is wholly inconsistent with every other rational conclusion; and unless the jury are so convinced by the evidence of the defendant's guilt that they would each venture to act upon that decision in matters of the highest concern and importance to his own interest, they must find the defendant not guilty. (26) The court charges the jury, if the jury are not satisfied beyond all reasonable doubt, to a moral certainty, and to the exclusion of every other reasonable hypothesis, but that of defendant's guilt, they should find him not guilty; and it is not necessary, to raise a reasonable doubt, that the jury should find from all of the evidence a probability of defendant's innocence in the testimony, but such a doubt may arise even when there is no probability of his innocence in the testimony; and if the jury have not an abiding conviction to a moral certainty of his guilt, it is the duty of the jury to find the defendant not guilty." "(33) In the absence of facts or circumstances tending to prove formed design, sudden passion engendered by sufficient provocation raises the presumption that the assault was the result of the sudden passion, and not of malice or previous intent."

The defendant was convicted, and sentenced to the penitentiary for a period of five years.

DENSON & DENSON, for appellant.—Charge 1 should

[Griffin v. The State.]

have been given.—*Sherrill v. The State,* 138 Ala. 15; *Bones v. The State,* 117 Ala. 138. On the authorities just cited and *Holmes v. The State,* 136 Ala. 82, charge 3 should have been given. Charge 5 stated a correct proposition.—*Hunt v. The State,* 135 Ala. 1; *Carter v. The State,* 40 South. 82. On the same authority charge 6 should have been given.—*Patterson v. The State,* 41 South. 157. Charge 9 should have been given.—*Mitchell v. The State,* 129 Ala. 23. Charge 11 should have been given.—*Sherrill v. The State, supra.* Charge 12 asserts a correct proposition.—*Turner v. The State,* 124 Ala. 59; *Forney v. The State,* 98 Ala. 19; *Hurd v. The State,* 94 Ala. 100. Charge 19 should have been given.—*Gilmore v. The State,* 99 Ala. 154; *Neillson v. The State,* 40 South. 221. Charge 21 should have been given.—*Dennis v. The State,* 118 Ala. 72. Charge 22 was good.— *Carwile v. The State,* 39 South. 221. On the authority of *Brown v. The State,* 118 Ala. 111, charge 25 should have been given. Charge 26 asserted a correct proposition.—*Rogers v. The State,* 117 Ala. 192. Charge 23 was approved in *Smith v. The State,* 86 Ala. 28.

ALEXANDER M. GARBER, Attorney-General, for the State.—The court is not required to give charges in repetition or where charges have already been substantially given.—*Tillery v. The State,* 121 Ala. 39; *Mitchell v. The State,* 129 Ala. 23. This applies to all of defendant's requested refused charges, except charge 25. This charge has been condemned as argumentative.—*Neville v. The State,* 133 Ala. 99.

McCLELLAN, J.—Indictment for and conviction of assault with intent to murder.

Refused charges numbered 5, 6, 12, 19, and 26 should have been given, and their refusal is error. These charges are sanctioned in *Hunt's Case,* 135 Ala. 1, 33 South. 329; *Turner v. State,* 124 Ala. 59, 27 South. 272; *Gilmore's Case,* 99 Ala. 154, 13 South. 536; *Rogers v. State,* 117 Ala. 192, 23 South. 82. Refused charge numbered 25 was properly refused.—*Nevill v. State,* 133 Ala. 99, 32 South. 596. Refused charge numbered 9 is a sub-

[Griffin v. The State.]

stantial duplicate of given charge numbered 4, and its refusal is not reversible error.—*Mitchell v. State,* 129 Ala. 23, 30 South. 348.

Refused charge numbered 33 is bad, for the reason, among others, that there is no evidential presumption, or one of law, that the assault was the result of sudden passion, and without malice or previous intent. When there is a want of evidence of formed design, or the contrary, the presence of the essential elemnts to constitute murder must be determined by the jury from all the facts and circumstances in the case.—*Sloan's Case,* 95 Ala. 22, 11 South. 14.

Refused charge numbered 22 is as follows: "The absence of sufficiently satisfying evidence before the jury may offer ground for reasonable doubt of defendant's guilt." This charge was well refused, since it substitutes the word "offer" for the word "afford." The writer is of the opinion that, if correctly worded, the charge should have been refused, because, among other reasons, it is infidenite and uncertain, in that it does not hypothesize of what the jury must be "sufficiently satisfied," and, besides, assumes the absence of evidence.

Refused charge 21 was properly so treated, since it was abstract, and since motive can never justify an assault with a weapon.

Refused charges 1, 3, and 11 have been approved by this court, and their refusal was unwarranted.

The errors pointed out require the reversal of the judg-ment and the remandment of the cause.

Reversed and remanded.

Tyson, C. J., and Dowdell and Anderson, JJ., concur.