# Davidson v. The State.

## *Murder.*

### (Decided June 9, 1910.—52 South. 751.)

*Charge of Court; Reasonable Doubt.*—A charge asserting that if, on consideration of all the evidence, the jury have a reasonable doubt of the defendant's guilt, arising out of any part of the testimony, they should acquit, is a proper charge, and its refusal error.

APPEAL from Walker Law and Equity Court.

Heard before Hon. T. L. SOWELL.

Griffith Davidson was convicted of murder in the second degree and he appeals. Reversed and remanded.

LEITH & GUNN, and L. D. GRAY, for appellant. Counsel discuss the errors assigned to the organization of the jury, but it is deemed unnecesary to here set out the authorities. Appellants insist that the court erred in refusing the charges requested, especially charge "H," and in support thereof cite *Williams v. The State*, 129 Ala. 659; *Hale v. The State*, 122 Ala. 85; *Hurd v. The State*, 94 Ala. 100.

ALEXANDER M. GARBER, Attorney General, for the State.

MAYFIELD, J.—This case must be reversed for the refusal of the trial court to give charge H as it was requested by the defendant. The charge was: "This court charges the jury that if, upon consideration of all the evidence, they have a reasonable doubt of defendant's guilt, arising out of any part of the testimony, they must find the defendant not guilty." This charge has

been time and again held proper, and many cases have been reversed by this court because it was refused at the request of the defendant. As has been often decided by this court, it asserts a correct legal proposition, and of necessity is apt in most, if not all, criminal trials, and could hardly be abstract in any criminal case.

As was pointed out by Chief Justice Stone, in *Hurd's Case*, 94 Ala. 100, 10 South. 528 (the first, so far as we are aware, that was reversed for the refusal of this charge), the charge does not single out a part of the evidence and request a verdict upon that part. It hypothesizes a consideration of all the evidence, and a falure to produce conviction of guilt. If the jury entertain a reasonable doubt of the defendant's guilt, after considering all the evidence, it is their duty to acquit, though the doubt arises from a part only of the evidence. "It is certainly the duty of the jury, in pronouncing on issues submitted to them, to consider and weigh all the testimony in the case. This does not mean that all, or any part of it, shall be believed. The law exacts no such rule as that. It must be considered, and given such weight as the manner of giving it in, its intrinsic nature and the other testimony in the cause entitle it to. This much, and nothing more. This the jury must and will do, as the only way of performing their highest, sworn duty of rendering a true verdict according to the evidence."—*Hurd v. State,* 94 Ala. 101, 10 South. 528. *Hurd's Case* has been followed and reaffirmed in many cases, among which may be cited the following: *Walker's Case,* 117 Ala. 55, 23 South. 149; *Riddle v. Webb,* 110 Ala. 604, 18 South. 323; *Miller v. State,* 107 Ala. 58, 19 South. 37; *Prince v. State,* 100 Ala. 146, 14 South. 409, 46 Am. St. Rep. 28; *Forney v. State,* 98 Ala. 21, 13 South. 540; *Williams v. State,* 129

Ala. 659, 30 South. 910; *Hale v. State,* 122 Ala. 85, 26 South. 236.

The other charges refused to defendant were properly refused. Some were argumentative, some requested a verdict based upon a part of the evidence only, some invaded the province of the jury, some were abstract, some were in bad form, some did not state any correct proposition of law, and some had duplicates among the given charges requested by defendant.

As the case must be reversed on account of charge H, and as the other questions may not arise on another trial, it would subserve no useful purpose to discuss them in this opinion.

Reversed and remanded.

SIMPSON, MCCLELLAN, and EVANS, JJ., concur.