(103 So. 67)

## VEASEY v. STATE. (4 Div. 977.)

(Court of Appeals of Alabama. Feb. 17, 1925.)

**1. Criminal law ⬤═789(17)—Charge to acquit for reasonable doubt arising from evidence held improperly refused.**

Refusal to charge, in prosecution for violating prohibition law, that if jury, upon considering all of evidence, have reasonable doubt about defendant's guilt, arising out of any part of evidence, they should find him not guilty, *held* erroneous, where it was not covered by oral or given charges.

**2. Criminal law ⬤═789(3)—Refusal to charge that state has burden to prove every circumstance necessary to show guilt held erroneous.**

Where, in prosecution for violating prohibition law, no evidence of incriminatory nature was adduced by defendant, *held* erroneous to refuse charge that burden is on state to show beyond reasonable doubt, and to exclusion of every other reasonable hypothesis, every circumstance necessary to show guilt.

**3. Criminal law ⬤═789(15)—Charge that jury must believe in guilt to exclusion of every probability of innocence held erroneously refused.**

Refusal to charge, in prosecution for violating prohibition law, that to convict, jury must believe defendant guilty to exclusion of every probability of his innocence, and every reasonable doubt of his guilt, *held* erroneous.

Appeal from Circuit Court, Covington County; W. L. Parks, Judge.

Barney Veasey was convicted of violating the prohibition law, and he appeals. Reversed and remanded.

These charges were refused to defendant:

"(3) The burden is upon the state, and it is the duty of the state to show, beyond a reasonable doubt and to the exclusion of every other reasonable hypothesis every circumstance necessary to show that the defendant is guilty; and, unless the state has done that in this case, it is your duty, gentlemen of the jury, to render a verdict of not guilty.

"(7) The court charges you that the only foundation for a verdict of guilty in this case is that the entire jury shall believe from the evidence, beyond a reasonable doubt and to a moral certainty, that the defendant is guilty as charged in the indictment, to the exclusion of every probability of his innocence, and every reasonable doubt of his guilt, and, if the prosecution has failed to furnish such measure of proof, and to so impress the minds of the jury of his guilt, they should find him not guilty."

Marcus J. Fletcher, of Andalusia, for appellant.

The refusal of defendant's requested charges constituted reversible error. Charge 2: Walker v. State, 117 Ala. 42, 23 So. 149. Charges 3, 7: Brown v. State, 118 Ala. 111, 23 So. 81.

Harwell G. Davis, Atty. Gen., for the State. Brief of counsel did not reach the Reporter.

BRICKEN, P. J. [1] Charge 2 refused to defendant is as follows:

"The court charges the jury, if the jury, upon considering all the evidence, have a reasonable doubt about the defendant's guilt, arising out of any part of the evidence, they should find him not guilty."

This charge was not covered by the oral charge, nor by the given charges. It stated a correct proposition of law, and should have been given. For its refusal there is no escape from reversing the judgment of conviction appealed from. This identical charge has been approved many times by the Supreme Court, and by this court. See Townsend v. State, 18 Ala. App. 242, 90 So. 58, and the numerous cases there cited. See, also, Hurd v. State, 94 Ala. 100, 10 So. 528;

---

⬤═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Forney v. State, 98 Ala. 19, 13 So. 540; Prince v. State, 100 Ala. 144, 14 So. 409, 46 Am. St. Rep. 28; Walker v. State, 117 Ala. 42, 23 So. 149; Bardin v. State, 143 Ala. 74, 38 So. 833; Welch v. State, 156 Ala. 112, 46 So. 856; Davidson v. State, 167 Ala. 68, 52 So. 751, 140 Am. St. Rep. 17; Campbell v. State, 182 Ala. 18, 62 So. 57; Roberson v. State, 183 Ala. 43, 62 So. 837; Black v. State, 1 Ala. App. 169, 55 So. 948; Campbell v. State, 13 Ala. App. 70, 69 So. 322.'

[2, 3] It was also error to refuse written charge 3, requested by defendant. This identical charge has been approved by the Supreme Court in the case of Brown v. State, 118 Ala. 111, 23 So. 81. In the instant case no evidence of an incriminatory nature was adduced by the defendant. The conviction of this man of necessity rested solely upon the evidence of the state, and under this status, charge 3 above referred to, and also refused charge 7 should have been given, and the refusal of each of these charges constituted reversible error. Davis v. State, 8 Ala. App. 147, 62 So. 1027; Johnson v. State, 133 Ala. 38, 31 So. 951.

Several other insistencies of error are presented, but as the judgment must be reversed for the refusal of the charges hereinabove discussed, there is no necessity to treat these questions, there being no new or novel proposition involved.

For the errors pointed out, the judgment of the lower court from which this appeal was taken is reversed and the cause is remanded.

Reversed and remanded.