(135 So. 599)

## MILNER v. STATE.

### 5 Div. 796.

Court of Appeals of Alabama.

·Feb. 10, 1931.

Rehearing Denied June 9, 1931.

Jas. W. Strother, of Dadeville, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

**SAMFORD, J.**

The evidence in this case is in conflict. The question of guilt was for the jury, and therefore the general charge was properly refused.

Refused charge 3 omits a consideration of evidence tending to prove a participation in the possession of the still. The visit of defendant to the still at the time of the raid may have been for the purpose of obtaining whisky for a sick child, and yet the defendant may have owned and been in possession of the still either as joint owner or individually. Therefore, the hypothesis stated in the charge does not predicate an acquittal upon a fact inconsistent with defendant's guilt. In all of those decisions where charges of this character have been held good, the facts hypothesized were inconsistent with defendant's guilt, coupled with a consideration of the entire evidence. 8 So. Digest Crim. Law 789 (18), and in Butler v. State, 16 Ala. 234, 77 So. 72, 73, Bricken, P. J., said that: "A requested charge, 'If, after considering all the evidence in this case, the jury find there is one single fact proven to their satisfaction which is inconsistent with defendant's guilt, this is sufficient to raise a reasonable doubt of his guilt, and the jury must acquit,' was properly refused as misleading." Moreover, charge 3 contains the vice of singling out specific facts and giving undue prominence to them, which by the long list of decisions collated in 8 So. Digest Crim. Law 811 (1) may not be done. Watts v. State, 8 Ala. App. 264, 63 So. 18.

Refused charge 4 is elliptical, and for that reason was properly refused.

No brief was filed in the case on the original submission, but we have examined the various rulings of the court on the admission of testimony and find no prejudicial error.

Let the judgment be affirmed.

Affirmed.

### On Rehearing.

Since the case of Edwards v. State, 205 Ala. 160, 87 So. 179, it has been uniformly held that charges similar to refused charge 1 are bad, in that the required finding is not predicated on the evidence.

The original opinion is amended, the opinion is extended, and the application is overruled.

**BRICKEN, P. J. (dissenting).**

Charge 3, refused to defendant, is as follows: "I charge you gentlemen of the jury that if you believe from the evidence that the defendant was at the still for the purpose of obtaining whisky for his sick child, and for no other purpose, and from this belief taken, and considered with all the evidence in the case, you have a reasonable doubt of the guilt of the defendant, then you should find him not guilty."

I think the refusal of the foregoing charge was prejudicial error. The charge is not abstract, nor was it in repetition of any instruction already given by the court, orally or otherwise. The charge, as will be noted, is predicated upon a consideration of all the evidence, and certainly it is the law if the jury upon considering all the evidence have a reasonable doubt about the defendant's guilt, arising out of any part of the evidence, they should find the defendant not guilty; for a jury may not convict in any case, if they entertain a reasonable doubt of the guilt of the accused where such reasonable doubt is engendered from the evidence, be it the whole evidence, or any part thereof, where the whole evidence has been considered. In other words, if the jury entertain a reasonable

doubt of the defendant's guilt, after considering all the evidence, it is their duty to acquit, though the doubt arises from a part only of the evidence. It is the duty of the jury, in pronouncing on issues submitted to them, to consider and weigh all the testimony in the case. This does not mean that all, or any part, of it shall be believed. The law exacts no such rule as that. It must be considered, and given such weight as the manner of giving it in, its intrinsic nature, and the other testimony in the cause entitle it to. This much and nothing more. The following authorities have expressly so held: Hurd v. State, 94 Ala. 100, 10 So. 528; Forney v. State, 98 Ala. 19, 13 So. 540; Welch v. State, 156 Ala. 112, 46 So. 856; Walker v. State, 117 Ala. 55, 23 So. 149; Miller v. State, 107 Ala. 58, 19 So. 37; Prince v. State, 100 Ala. 146, 14 So. 409, 46 Am. St. Rep. 28; Williams v. State, 129 Ala. 659, 30 So. 910; Hale v. State, 122 Ala. 85, 26 So. 236; Roberson v. State, 175 Ala. 15, 57 So. 829; Davidson v. State, 167 Ala. 68, 52 So. 751, 140 Am. St. Rep. 17; Griffin v. State, 150 Ala. 49, 52, 43 So. 197; Smith v. State, 197 Ala. 193, 202, 72 So. 316; Doty v. State, 9 Ala. App. 21, 64 So. 170; Black v. State, 1 Ala. App. 169, 173, 55 So. 948; Veasey v. State, 20 Ala. App. 478, 103 So. 67.

Without further discussion I do not accord to the conclusion of the majority of this court in overruling the application for rehearing. In my opinion it should be granted, and the cause should be reversed and remanded, as ably contended by counsel in behalf of appellant.