54 So.2d 628

### CHASTAIN v. STATE.
#### 7 Div. 113.

Supreme Court of Alabama.
June 28, 1951.

To the Honorable, The Court of Appeals
    of Alabama
Judicial Building
Montgomery, Alabama
Dear Sirs:

The Court of Appeals under the provisions of § 88, Title 13, Code of 1940 has certified for our answer the following:

"The Judges of this court are in disagreement and 'unable to reach an unanimous conclusion' as to certain controlling questions in the case of George Harrison Chastain v. State, from Etowah Circuit Court, now pending in this court.

"Our court has under consideration in this case the following written charge:

" '18. I charge you gentlemen of the jury that the absence of sufficiently satisfying evidence before the jury may offer grounds for a reasonable doubt of the defendant's guilt, in which event you would acquit the defendant.'

"The Supreme Court in Carwile v. State, 148 Ala. 576, 39 So. 220, held that charge 8 was good and should have been given. Charge 8 was as follows:

" 'The absence of sufficient satisfying evidence before the jury may offer ground for reasonable doubt of the defendant's guilt.'

"In Griffin v. State, 150 Ala. 49, 43 So. 197, 199, the Supreme Court by McClellan, Jr., observed:

" 'Refused charge numbered 22 is as follows: "The absence of sufficiently satisfying evidence before the jury may offer ground for reasonable doubt of defendant's guilt." This charge was well refused, since it substitutes the word "offer" for the word "afford." The writer is of the opinion that, if correctly worded, the charge should have been refused, because, among other reasons, it is indefinite and uncertain, in that it does not hypothesize of what the jury must be "sufficiently satisfied," and, besides, assumes the absence of evidence.'

"In the case of Gaston v. State, 161 Ala. 37, 49 So. 876, 878, the charge under consideration was:

" '(21) I charge you that the absence of sufficiently satisfying evidence *may be* a ground for reasonable doubt of defendant's guilt.' (Italics ours.)

"McClellan, Jr., again speaking for the court, held:

" 'Charge 21 has been approved as charge 8 in Carwile's Case, 148 Ala. [576], 585, 39 So. 220.'

"In attempting to reconcile these authorities, the Judges of our court have disagreed and therefore, as authorized by law, the following abstract question is hereby certified to your court for an opinion as guidance to our court in said cause, towit:

"1. Does the charge under consideration state a correct proposition of law?"

Charge 18 does not state a correct proposition of law. We agree with the writer of the opinion in Griffin v. State, 150 Ala. 49, 43 So. 197, when he said: "it is indefinite and uncertain, in that it does not hypothesize of what the jury must be 'suf-

ficiently satisfied,' and, besides, assumes the absence of evidence."

LIVINGSTON, C. J., and BROWN and FOSTER, JJ., concur.

LAWSON and SIMPSON, JJ., dissent.

LAWSON, Justice (dissenting).

The charge about which you inquire, Charge 18 in the case of Chastain v. State, from Etowah Circuit Court, now pending in your court, is in all material respects the same as Charge 8 which this court held was good and should have been given in Carwile v. State, 148 Ala. 576, 39 So. 220.

Charge 22 which this court held refused without error in Griffin v. State, 150 Ala. 49, 43 So. 197, was in the exact language of the charge considered in Carwile v. State, supra. No reference is made in the opinion in Griffin v. State to the holding in Carwile v. State, supra. As we construe the opinion in the Griffin case, the action of the court was based on the fact that Charge 22 in that case used the word "offer" rather than the word "afford." Yet the word "offer" was used in the charge held good in Carwile v. State, supra. I do not understand that the court concurred in the views of the writer of the opinion, Justice McClellan, that even if Charge 22 had been correctly worded it should have been refused because it is indefinite and uncertain in that it does not hypothesize of what the jury must be "sufficiently satisfied" and also assumes the absence of evidence.

Justice McClellan, who wrote the opinion for the court in the Griffin case, in Gaston v. State, 161 Ala. 37, 49 So. 876, evidently had his attention called to the case of Carwile v. State, supra, and upon the holding in that case held that Charge 21 in the Gaston case had been approved in the Carwile case. The only distinction between the charge in the Carwile case and that under

consideration in the Gaston case is that the word "be" was substituted for the word "offer."

In so far as I have been able to determine, the holdings in the Carwile and Gaston cases above referred to have not been expressly overruled, and Gaston's case being the last expression of the court, I am of the opinion that Charge 18 should be held to be a good charge. However, I think the charge is nothing more than a reasonable doubt charge and its refusal should not constitute reversible error where the trial court's oral charge sufficiently covers the law of reasonable doubt.

SIMPSON, J., concurs in this dissent.