# Forney *v.* The State.

*Indictment for Murder.*

<div style="float:right">98   19<br>124   63</div>

1. *Drawing grand jurors* —The statutory provisions found in the Code of 1886, Part 5, Title 3, Chap. 4, §§ 4299, *et sequitur* obtain in Marshall county; and, the special Act of Feb. 28, 1887 (Acts 1886–7, p. 151) amended by Act of Feb. 28, 1889 (Acts 1888–9), does not apply to that county.

2. *Same.*—Objections to the manner of drawing the grand jury in Marshall county, predicated upon the application of said Act to that county, were without merit. And even had it applied there, such objection as to the grand jury, would not have availed the defendant, since it is not one allowed to be entertained by § 4445 of the Code.

3. *Evidence of motive.*—Evidence offered to show that the deceased had shot at another person, "*thinking that he was defendant,*" was properly excluded.

4. *Charge erroneously refused; as to reasonable doubt of defendant's guilt.*—A charge asked, that "if the jury, upon considering all the evidence, have a reasonable doubt about the defendant's guilt, arising out of any part of the evidence, they should find the defendant not guilty," should be given, and its refusal is reversible error.

FROM Marshall Circuit Court.

Tried before the Hon. JOHN B. TALLEY.

The defendant, George Forney, was indicted and tried for the murder of Jerry Jefferson, by shooting him with a double-barrelled shot gun, about the latter part of September, 1892. Before entering upon the trial, a motion was made by the defendant to quash the indictment, on the grounds : 1 Because the grand jury that found the indictment, was not drawn by the clerk, the sheriff and the probate judge in the manner prescribed by law, in this: The clerk, the sheriff and the probate judge drew from the box a number of names

[Forney v. The State.]

equal to the entire number of grand and petit jurors for the entire term, and from the names so drawn, the clerk, the sheriff and the probate judge "selected" the names of eighteen persons to serve as grand jurors, leaving the remainder to serve as petit jurors. 2. Because the grand jury that found this indictment was not drawn within the meaning of the statute, in the presence of the clerk, the sheriff and the probate judge, in this : The clerk, the sheriff and the probate judge drew from the box the names of one hundred and sixteen persons, and from the names so drawn, they then "selected" the names of eighteen persons to serve as grand jurors, and that the body of men thus selected, found the indictment in this case. . 3. Because the grand jury that found the indictment in this case was an illegal grand jury, in this : The clerk, the sheriff and the probate judge drew from the proper box a number of names equal to the entire number of grand and petit jurors for the entire term of the court at which said indictment was found, and from the names so drawn, they "selected" the requisite number of persons to serve as grand jurors, and that the body of men thus selected found the indictment in this case. For the same grounds, a motion was also made to quash the venire. Both these motions were overruled by the court, to which action of the court the defendant duly excepted. During the progress of the trial, a witness for the State offered to prove that the defendant, and one Bob Ellis, were both yellow men, about the same size and color ; and, that on one occasion, subsequent to a difficulty between deceased and defendant, deceased had shot at Bob Ellis, "thinking that he was defendant." To the last part of this testimony the State objected, and it was excluded by the court, and defendant excepted. A number of witnesses were examined by the State, and by the defendant,—the evidence of the latter tending to show that he acted in self-defense.

The defendant asked the following charge, in writing : " If the jury, upon considering all the evidence, have a reasonable doubt about the defendant's guilt arising out of any part of the evidence, they should find the defendant not guilty." This charge was refused by the court, and the defendant duly excepted. Other charges were asked for the defendant, and refused by the trial court, which this court declined to discuss, and are not here set out.

O. D. STREET, for the appellant, cited on the refusal of the court to quash the indictment, *Wells v. The State*, 94 Ala.

1 ; *Murphy v. The State,* 86 Ala. 45.   2.  Upon charge refused.—*Hurd v. The State,* 94 Ala. 100.

WM. L. MARTIN, Attorney-General, for the State.

McCLELLAN, J.—The Act of February 28, 1887, (Acts 1886-7, p. 151) amended by Act of February 29, 1889, (Acts of 1888--9, p. 77) does not apply to the County of Marshall. The statutory provisions relating to the drawing of grand and petit jurors in that county are those found in the Code of 1886, Part 5, Title 3, Chapter 4, §§ 4299 *et sequitur,* which do not require the separate and successive drawing of grand and petit juries respectively.—*Dotson v. State,* 62 Ala. 141. The objections taken by the defendant to the manner of drawing the grand jury which returned the indictment against him and the petit juries for the week of his trial, which proceeded on the ground that section 4, of the Act referred to, had not been observed by the jury commissioners, were, therefore, without merit.   Moreover had the act in question obtained in Marshall county, this objection would not have availed the defendant as to the grand jury, because it is not one which is allowed to be entertained by section 4445 of the Code.—*Murphy v. State,* 86 Ala. 45; but the objection would be good against the venire of petit jurors under the Act of 1887, since section 4445 has no application to petit jurors. *Wells v. State,* 94 Ala. 1.

We discover no error in the rulings of the trial court on the admission of testimony.   Had the offer of the defendant in respect of the shooting at Ellis by the deceased been simply to prove the fact that the deceased did shoot at Ellis, the testimony ought to, and, we presume, would, have been received.   Taken with other evidence in this connection, the fact that deceased shot at Ellis, tended to throw light on his intentions, according to one phrase of the evidence, he attempted to execute, toward the defendant, and to give a deadlier cast to his threats.

The following written charge was requested by the defendant:  "If the jury upon considering all the evidence have a reasonable doubt about the defendant's guilt arising out of any part of the evidence, they should find the defendant not guilty."  It was refused.   It should have been given.—*Hurd v. State,* 94 Ala. 100.   And this action of the court must work a reversal of its judgment.

The remaining charges refused to the defendant were, severally, either affirmatively unsound, or abstract, or misleading, or argumentative, or confusing ; and some of them were

infected with two or more of these infirmities. We need not discuss them in detail. Each of them was properly refused.

Some other questions arose on the organization of the trial jury. They need not arise on another trial, and we do not consider them.

Reversed and remanded.