# Black *v.* The State.

## *Larceny.*

(Decided June 8, 1911. 55 South. 948.)

1. *Trial; Leading Question; Discretion.*—The allowance of a leading question will not work a reversal unless an abuse of the discretion is shown.

2. *Evidence; Expert; Competency.*—A witness who has been manager of a department in a store for eight or ten years is competent to testify as to the value of the goods in that department.

3. *Larceny; Evidence; Identification.*—On a trial for larceny of certain goods, it was competent for the manager of that department in the store from which the goods were alleged to have been stolen to testify for the purpose of identification, to having seen the same goods with the cost mark on them, and to having made an estimate of their value when they were exhibited on a former trial in the police court.

4. *Same.*—Where the indictment for larceny laid the ownership of the goods stolen in a firm of merchants, and the evidence showed that the goods were in the possession of a transfer company for delivery to the buyer at the time of the larceny, it was competent to show that such transfer company acted as the delivering agent of the merchant under a contract to deliver the goods to the buyer.

[Black v. The State.]

5. *Same.*—On a trial for larceny, it is competent to show defendant's possession of the goods and the circumstances attending it in order to show defendant's connection with and disposition of the goods.

6. *Sales; Contracts; Passing Title.*—Where a sale was not complete until a delivery to the buyer the title remained in the seller while the goods were in the hands of a transfer company acting as delivering agent of the seller.

7. *Charge of Court; Directing Verdict.*—Where the evidence proves the offense charged and tends to connect the defendant with the commission of the crime, he is not entitled to have the verdict directed for him.

8. *Same; Reasonable Doubt.*—A charge that if the jury have any doubt of the guilt of accused they must acquit, is improper for not being predicated upon a reasonable doubt.

9. *Same.*—A charge asserting that if the jury have any reasonable doubt as to the guilt of the accused, arising out of any part of the evidence, after considering it all, they must acquit, is proper, and should have been given.

APPEAL from Jefferson Criminal Court.

Heard before Hon. WILLIAM E. FORT.

Cornelius Black was convicted of larceny, and he appeals. Reversed and remanded.

The question propounded to the witness Denson was as follows: "You simply turned the packages containing these goods over to the transfer company for delivery to the parties at 500 North Sixteenth street, did you not?" And witness answered: "Yes." The court then asked: "You retain the title to the property, do you not?" And the witness answered: "Yes, sir; we simply turned the goods over to the transfer company for delivery." The court then said: "You have a contract with the transfer company to make the delivery, don't you?" To which the witness answered: "Yes, sir." It further appeared from the record that a purchaser paid no more for goods when bought in the store and delivered by the transfer company than when bought in the store and carried away by the purchaser, and that the delivery was merely for the accommodation of the purchaser.

The court in its oral charge said: "Where a party purchases goods from another, and where under the contract of purchase the goods are to be delivered by the seller to the purchaser, and are in the hands of the seller or of an agent of the seller at the time they are stolen, the title to the property does not pass until delivery is made to the purchaser." The witness Hill testified that he and Cornelius Black, who were driving for the Birmingham Transfer Company, kept their teams at the same place, and that on the morning that the package was said to have been stolen they were hitching up their teams about the same time, their wagons being about 30 or 40 feet apart. When the question was propounded to Hill, "If the defendant gave him a package that morning?" and he having answered, "Yes," he was asked, "What did the defendant tell you to do with it?" The witness answered: "He gave me the package and a dime, and told me to leave the package at a bootblack stand on Avenue B and Twentieth street, and he would go by for it. I did not know what was in the package, and did not look at it. I took it where he said."

Charge 1 was the general affirmative charge. Charge 2: "I charge you that if you have a reasonable doubt as to the guilt of this defendant, arising out of any part of the evidence, after considering it all, then you must acquit him." (3) "I charge you that if you have any doubt as to whether this property was the property of Loveman, Joseph & Loeb, the Birmingham Transfer Company, or Robert Stevens, then you must acquit him." (5) "I charge you that if you believe Arthur Hill took this property from the wagon, in considering all the evidence, you must acquit him."

McARTHUR & HOWARD, for appellant. The court erred in permitting the witness to state that he saw the

[Black v. The State.]

goods and identified them in the police court.—*Brassell v. The State,* 91 Ala. 45; *Anderson v. The State,* 104 Ala. 83; *Buchanan v. The State,* 109 Ala. 7; *Terry v. The State,* 118 Ala. 86. The court erred in permitting the witness to testify as to the value of the goods as he was not shown to be an expert. The goods must first be shown to have been stolen and then traced to the accused before evidence of possession can be introduced.—*Dorsey v. The State,* 110 Ala. 38. Ownership must be proved as laid.—*Glover v. The State,* 156 Ala. 690. The sale was complete and the title was not in the seller.—*Brandon P. Co. v. Bostick,* 126 Ala. 247. Charge 2 should have been given.—*Hurd v. The State,* 94 Ala. 100; *Forney v. The State,* 98 Ala. 21; *Walker v. The State,* 117 Ala. 42.

ROBERT C. BRICKELL, Attorney General, and THOMAS H. SEAY, Assistant Attorney General, for the State. It is not error to permit leading questions unless abuse is shown.—*Wade v. The State,* 50 Ala. 164; *Brassell v. The State,* 91 Ala. 46. It was competent to show by the manager of the department, the value of the goods in that department.—25 Cyc. 114. Counsel discuss other assignments of error, but without citation of authority.

PELHAM, J.—The appellant was convicted of grand larceny in the criminal court of Jefferson county. On the trial the defendant reserved several exceptions to the rulings of the court on the admission of evidence, on the ground that the questions were leading and suggestive.

The trial court will not be put in error for permitting questions of this nature unless it clearly appears that the judicial discretion has been abused. The presiding judge allowed the rule against permitting leading ques-

tions to be propounded to witnesses to be violated frequently during the trial, but we cannot say, from an examination of the whole evidence as set out in the bill of exceptions, that the judicial discretion was abused. Even permitting a flagrant violation of the rule against asking leading questions has been held to be in the discretion of the trial court, and not revisable on appeal. —*Anderson v. State,* 104 Ala. 83, 86, 16 South. 108.

It was not error in the trial court to permit the witness Denson to testify as to the value of the goods stolen. The witness was qualified to testify upon this question, and a proper predicate was laid by showing that the witness was, and had been for 8 or 10 years, the manager of that department of the store from which the goods in question had been taken.

It was also permissible, for the purpose of identification, to allow this witness to testify to having seen the same goods with the cost marks on them, and to have made an estimate on their value when they were exhibited on the former trial at the police court.

The court's questions to the witness Denson as to the conditions under which the goods alleged to have been stolen were turned over by Loveman, Joseph & Loeb to the transfer company for delivery to the purchaser were proper and relevant for the purpose of proving the ownership of the goods as alleged in the indictment. The goods were in the possession of the transfer company at the time they were stolen, and the indictment laid the ownership in Loveman, Joseph & Loeb, and it was entirely permissible to show that the transfer company had them in possession for and was acting as a delivery agent for Loveman, Joseph & Loeb, under a contract to deliver their goods to purchasers. These facts were also testified to subsequently by the manager of the transfer company, without objection on the part of the defendant.

It was proper to allow the witness Miss Bullard to testify to having seen the goods when exhibited at police court, for the purpose of identification of the particular goods.

The questions propounded to the witness Hill by the state and objected to by defendant were relevant and permissible, as going to show defendant's possession of the goods alleged to have been stolen, and attending circumstances which were proper to go to the jury, as tending to prove defendant's connection with and disposition of the goods.

We discover no error in the rulings of the trial court on the admission of testimony.

There was no error in giving that part of the oral charge to which the defendant excepted. Under the evidence in this case, the sale was not complete until delivery to the purchaser. While in the hands of the transfer company as a delivery agent for the seller, the goods were stolen, and there was no error in charging the jury that the title to the property does not pass, where the contract of purchase is that the goods are to be delivered by the seller to the purchaser, until the delivery is made to the purchaser.

There was evidence proving the offense to have been committed and tending to show the guilt of the accused. Charge No. 1, requested by the defendant in writing, was properly refused.

Charge No. 3 is palpably bad, being predicated, not upon a reasonable, but *any*, doubt. Charge 5 is patently bad.

Charge No. 2 asserts a correct proposition, and has in substance and effect, if not in the identical language, been approved time and again by the Supreme Court, and should have been given.—*Hurd v. State,* 94 Ala. 100, 10 South. 528; *Forney v. State,* 98 Ala. 19, 13

South. 540; *Walker v. State,* 117 Ala. 42, 23 South. 149; *Grifin v. State,* 150 Ala. 49, 43 South. 197.

The refusal of this charge is error that necessarily works a reversal of the case.

Reversed and remanded.