# Martin *v.* The State.

### *Violating Prohibition Law.*

(Decided Feb. 8, 1912. 57 South. 1032.)

*Charge of Court; Reasonable Doubt.*—Although the evidence justified the directing of the verdict for the state, yet after all it was a question for the jury, and the defendant was entitled to a charge that if upon considering all the evidence the jury had a reasonable doubt of the defendant's guilt they should acquit him.

APPEAL from Lauderdale Circuit Court.

Heard before Hon. C. P. ALMON.

Rube Martin was convicted of violating the prohibition law, and he appeals. Reversed and remanded.

[Martin v. The State.]

The following is charge 5: "I charge you, gentlemen of the jury, if upon considering all the evidence you have a reasonable doubt of defendant's guilt, arising out of any part of the evidence, it is your duty to find him not guilty."

A. E. WALKER, and ALMON & ANDREWS, for appellant. Counsel discuss the relation of the court and the jury and insist that defendant was entitled to the special instruction requested, but in view of the opinion, it is not deemed necessary to here set them out.

R. C. BRICKELL, Attorney General, and WM. L. MARTIN, Assistant Attorney General, for the State. The court properly gave the affirmative charge to the state. —*Jones v. The State*, 96 Ala. 56; *Taylor v. The State*, 121 Ala. 24; *Parrish v. The State*, 139 Ala. 16.. This being true, the error in refusing the other charges requested was rendered harmless. Counsel discuss other assignments of error, but in view of the opinion, it is not deemed necessary to set them out.

WALKER, P. J.—Though the court properly gave the general affirmative charge in favor of the State, still it was a question for the jury whether the evidence showed beyond a reasonable doubt that the defendant was guilty, and he was entitled to have the court give proper requested instructions bearing upon this question. The court was in error in refusing to give written charge 5, requested by the defendant.—*Griffin v. State*, 150 Ala. 49, 43 South. 187.

It is not deemed necessary to a proper disposition of the case on another trial to pass upon other rulings presented for review.

Reversed and remanded.