# Spelce *v.* The State.

## *Violating Prohibition Law.*

(Decided April 21, 1914.   65 South. 199.)

1. *Grand Jury; Ordering; Statutory Provision.*—Section 3238, Code 1907, authorizes a grand jury at any regular term of the Madison Circuit Court, upon the entry of an order by the judge therefor, as the initial step, and where the judge entered an order for a grand jury for the regular term of the court, ten days before the beginning of such term, and such grand jury was selected pursuant to the general statutes, it was legal.

2. *Same.*—Section 3238, Code 1907, is not affected or repealed by Acts 1911, p. 722, fixing the times and places of holding the courts in the judicial circuit of which Madison county is a part.

3. *Same.*—Section 3238, Code 1907, is not affected by section 32, Acts 1909, p. 317, as the ordering of a grand jury for a term of the court at which there would not be a grand jury, but for the order, is not within the enumerated subjects as to which the jury law is the exclusive law.

4. *Same.*—Where a grand jury is ordered under the authority of section 3238, Code 1907, it must be selected and empaneled in the manner prescribed by the jury law.   (Acts 1909, p. 310.)

5. *Charge of Court; Misleading.*—A charge asserting that if the jury do not believe the evidence beyond a reasonable doubt they must acquit defendant is misleading and properly refused.

6. *Same; Reasonable Doubt.*—Defendant was entitled to have the jury instructed that if they entertained a reasonable doubt of defendant's guilt growing out of the evidence or any part of it, they must acquit defendant.

APPEAL from Madison Circuit Court.

Heard before Hon. D. W. SPEAKE.

Ed. M. Spelce was convicted of violating the prohibition law, and he appeals.   Reversed and remanded.

. The court met in regular term on the third Monday in November, 1913.   On November 7, 1913, the court entered an order setting out certain reasons why it deemed it proper and expedient for the judge of said circuit to order, draw, summon, and impanel the grand jury, and thereupon followed an order that 18 persons

[Spelce v. The State.]

be summoned to be organized and impaneled, and for the purpose of carrying out this order the judge of the circuit proceeded to draw from the jury box of Madison county the names of 25 persons from which a grand jury was to be organized, and the sheriff was directed to summon the same. Those persons drawn were listed and a mandate issued to the sheriff, who, in pursuance thereof, summoned said persons with the exception of 4, who could not be served, and, out of the 21 drawn, 2 were excused, and, from those remaining, 18 were drawn and impaneled and sworn as grand jurors for that term of court. The defendant first pleaded in abatement setting up those grounds stated in the opinion, together with others, and, when said plea was overruled, the same grounds were made a motion upon which to quash the indictment. After conviction and before sentence, the same grounds were made a motion in arrest of judgment, which was also overruled.

The charges requested by the defendant were the affirmative charge (2) "If you do not believe the evidence beyond a reasonable doubt, you must acquit defendant," and (3) "If you have a reasonable doubt of defendant's guilt growing out of the evidence or any part of it, you must acquit him."

S. S. PLEASANTS, and R. E. SMITH, for appellant. The power of the court or judge to organize and empanel a grand jury is not inherent.—*O'Byrnes v. State,* 51 Ala. 25; *Scott v. State,* 63 Ala. 59. The following acts have been passed relative to the circuit court in Madison county.—Acts 1894-5, p. 387; Acts 1896-7, p. 1201; Local Acts 1898-9, p. 1479; Acts 1900-1, p. 160; Local Acts 1907, p. 433; Acts 1911, p. 727; sec. 3238, Code 1907. Also sections 3249, 7257, 7259, 7260-1, Code 1907. Whether the Act of 1907, required the

jury to be drawn according to the provisions of Code 1896, or of 1907, the validity of the grand jury cannot be upheld under section 3249, Code 1907.—*Mason v. State,* 168 Ala. 48; *Pope v. State,* 165 Ala. 68; *Clemmons v. State,* 167 Ala. 20. The grand jury was not drawn under the provisions of section 7257, Code 1907. —*Clemmons v. State, supra; Burgess v. State,* 148 Ala. 654; *Hester v. State,* 103 Ala. 83. It was clearly not drawn under sections 7257, 7260-1, Code 1907; *Clemmons v. State, supra; Lide v. State,* 133 Ala. 43; *Frier v. State,* 146 Ala. 4. Such sections of the Code as conflict with the jury laws of 1907 and 1909, are of course, repealed.—*Wilson v. State,* 171 Ala. 25; *Patterson v. State,* 171 Ala. 2. The irregularity is not cured by section 7572, Code 1907, nor by section 23 of the jury law.—*Pope v. State, supra; Clemmons v. State, supra; Spivey v. State,* 56 South. 234. Defendant was entitled to have the jury instructed that if they did not believe the evidence beyond a reasonable doubt, they should acquit defendant.—*Martin v. State,* 3 Ala. App. 186; *Townsend v. State,* 137 Ala. 91.

R. C. BRICKELL, Attorney General, for the State. The Attorney General insists that as to ordering grand jurors for the Madison Circuit Court, section 3238, Code 1907, controls, and that when a proper order has been made, the drawing and empanelling of the grand jury must be had in accordance with the provisions of the jury law. They insist that the order and the drawing were in all things regular, and that the authorities cited and relied on by appellant are in no wise applicable to the case at bar.

WALKER, P. J.—The attack made by the defendant upon the indictment against him was based upon the

supposed illegality of the grand jury which returned it. In the brief of the Attorney General no question is raised as to the propriety of the methods adopted in assailing the validity of the indictment, but it is contended that there was no such lack of legal warrant for the existence of the grand jury as was suggested in behalf of the defendant.

The ground of the attack made upon the legality of the grand jury organized at the regular term of the court at which the indictment was returned was, in substance, that there was no authority in law for the order for a grand jury at that term which was made by the judge of the court ten days before the commencement of the term, and that the summoning and impaneling of the grand jury following that order were wholly unauthorized.

Subdivision 2 of section 3238 of the Code, after fixing the times for holding the regular terms of the circuit court in the county of Madison, and making some regulations for the apportionment of the time of the court between civil and criminal business, provided that "grand juries shall not be summoned or organized for said court, except when specially ordered by the judge, as now provided by law for the organization of special grand juries." This provision does not deal with the methods to be pursued in summoning or organizing a grand jury in the event provided for—leaving these matters to be governed by the laws pertaining to them—but dispenses with a grand jury "except when specially ordered by the judge, as now provided for by law for the organization of special grand juries." It plainly authorizes a grand jury at any regular term of the court, and makes an order of the judge of the court the initial step to be taken in the exercise of the authority conferred in that regard, the kind of order

to be made being indicated by the provision to the effect that it is to be such a one as was provided for by the then existing law applicable to the case of a special grand jury. The provision plainly contemplates the making of the order for a grand jury by the judge of the court prior to the commencement of the term. We understand the reference made to some other provision of law which is to be conformed with in the making of the order to be the statute now embodied in section 7261 of the Code, as that was the only statute dealing with the matter of special grand juries in which provision was made for the judge of the court ordering one for a term of court not yet convened; the other sections of the Code dealing with the subject of special grand juries (Code, §§ 7257, 7258, 7259, and 7260) making provisions for grand juries ordered after a session of the court has begun. So far as the section referred to makes provision for the ordering of juries which are special in the sense that they are for special occasions, as to which other provisions for juries may not be applicable, it requires nothing more than an order by the judge indicating what juries are to be provided for the special or adjourned term in question—"grand and petit juries, one or both, as may be ordered by the judge of such court." An order to this effect complies with the requirement as to the order to be made for the juries desired. We are of opinion that it follows that the order made by the judge of the court for the grand jury which found the indictment against the defendant, "that a grand jury be organized for the November term of the circuit court for said county of Madison, said term beginning on Monday, the 17th day of November, 1913, and the same being the third Monday in said month of November," was such an order as is contemplated by the above-quoted provision of section

3238 of the Code. This provision was not repealed or affected by the subsequent act (General Acts of Ala. 1911, p. 727) 'to fix the times and places of holding the courts in the counties composing the eighth judicial circuit of Alabama."

As above suggested, there is nothing in that section touching the methods to be pursued in the drawing, summoning, or impaneling of the grand jury. It provides for nothing else in regard to a grand jury than the ordering of one for a term of the court at which the judge concludes that one should be provided. Other provisions of law are to be looked to to ascertain the steps to be taken to bring such grand jury into existence. The law on this latter subject may well be changed without impairing or affecting the quoted provision as to ordering a grand jury when one is desired. In many respects the provisions of law on this subject which were in force at the time of the enactment of the provision as to ordering grand juries for the regular terms of the circuit court of Madison county were changed by the present jury law, which was enacted subsequently.—Acts of Ala. (Sp. Sess.) 1909, p. 305. Our attention has not been called to, and we have not discovered anything in the last-mentioned statute which indicates the existence of an intention on the part of the Legislature to repeal or in any manner to affect any provision of section 3238 of the Code. Such a result is not affected by the provision of section 32 of the jury law that "all laws, general, special or local, regulating the selection, drawing, summoning or impaneling of grand, or petit juries, or prescribing the qualifications of jurors, or defining who are exempt from jury service, or exempting certain persons or classes of persons, from service upon juries, are hereby expressly repealed, it being the intent of the Legislature, that this

act shall be the exclusive law on such subjects in all the courts of the state of Alabama." The ordering of a grand jury for a term of court at which there would not be one but for such order is not one of the enumerated subjects as to which the act just quoted was made the exclusive law. The making of such an order does not involve the doing of any of the things which are governed and regulated exclusively by the jury law of 1909. And we are of opinion that that act contains provisions which are applicable to the drawing and impaneling of the grand jury for a regular term of the circuit court of Madison when one has been ordered by the judge of the court as authorized by section 3238 of the Code. In section 15 of the act, following provisions for the drawing, before the adjournment of a term, of jurors required for the next term, is this provision: "If for any reason the judge fails before the adjournment of the court, to draw the juries for the next term of the court, whether it be an adjourned term, special term, extra term, or a regular term, he shall at least twenty days before the beginning of any of these terms, draw the jurors which he should have drawn before the adjournment of the last term." Within the meaning of this provision authorizing the judge of the court in vacation to draw juries for the next term when there is "any reason" for his failure to draw them before the adjournment of the next preceding term, the existence of the above-quoted provision of section 3238 of the Code dispensing with a grand jury, "except when specially ordered by the judge," is a reason for the failure of the judge presiding at one term of the circuit court of Madison to draw a grand jury for the next term. Certainly the existence of that provision is as much a reason for a failure to draw a grand jury at the time when this ordinarily is done as

there could be for a similar failure to draw juries for a special term or an extra term which had not been ordered or called at the time of the adjournment of the next preceding term.

But it is suggested that the above-quoted provision of section 15 does not authorize the circuit judge to draw a grand jury in vacation unless he does so at least 20 days before the beginning of a term; and in this connection our attention is called to the ruling made in the case of *Spivey v. State,* 172 Ala.391, 56 South. 232, to the effect that the judge of another court, except a judge of probate, residing nearest to the place of holding the court, does not become an officer designated by law to draw the grand jury until there has been a failure of the judge of the court for which juries are to be provided to draw them at least 20 days before the beginning of the term. We are not of opinion that it follows from that ruling that the circuit judge loses the power to draw juries for his court by failing to do so at least twenty days before the beginning of a term. It is plain that it is upon him primarily that the statute confers the authority to draw the juries for his court. It makes provision for a judge of another court exercising this authority when the presiding judge of the court fails to do so within a designated time. But by no means does it say or indicate that the authority of the latter is withdrawn or extinguished in the event of such failure on his part to act at the time directed. The absence of an intention to give to the failure of the presiding judge of the court to draw the juries for it at the time he is directed to do so the effect of depriving him of the power to draw them is clearly indicated by the following provisions of section 29 of the act: "It is hereby expressly declared to be the intent of the Legislature in the enactment of this law, to make the

[Spelce v. The State.]

provisions hereof in relation to the selection, drawing, summoning or impaneling of jurors directory merely and not mandatory. The jurors selected, drawn, summoned and impaneled under the provisions of this act, whether at or earlier or later day than required by this act, must and shall in all respect be deemed legal, and to possess in full, in every respect, power to perform all of the duties belonging to grand and petit jurors." We are of opinion that a result of the provisions just quoted is that, when a grand jury is drawn by the officer designated by law to draw the same, its legal validity is not affected by the fact that the drawing occurred "at an earlier or later day than required by this act." We think that what has been said sufficiently disposes of the suggestion that there was a lack of any legal warrant or authority for the drawing of the grand jury which found the indictment in this case. The methods to be pursued in selecting and impaneling the grand jury are stated in section 18 of the act. The provisions of that section are applicable to the selection and impaneling of a grand jury for a regular term of the circuit court of Madison when one has been specially ordered by the judge as authorized by the statute. The conclusion is that in the case at bar, as was the case in *Clemons v. State,* 167 Ala. 20, 52 South. 467, the indictment is not rendered subject to attack by the presence in the record of an order of the court or of the judge of it, relating to the organization of the grand jury, which is contrary to or unauthorized by law.

Because of the confusing and misleading tendency of the first written charge which was refused to the defendant, the action of the court with reference to it was not reversible error.—*McConnell v. Adair,* 147 Ala. 599, 41 South. 419; *Koch v. State,* 115 Ala. 99, 22 South. 471.

The other refused charge correctly stated a proposition of law which was applicable to the issue to be passed on by the jury, and the refusal of the court to give it was prejudicial error.—*Martin v. State*, 3 'Ala. App. 186, 57 South. 1032; *Griffin v. State*, 150 Ala. 49, 43 South. 197.

Reversed and remanded.

