(90 South. 58)

### TOWNSEND v. STATE. (8 Div. 842.)

(Court of Appeals of Alabama. June 30, 1921.)

**1. Criminal law ⟂561(1)—Jury must acquit defendant if it has a reasonable doubt of guilt arising out of any part of the evidence.**

\ If the jury upon considering all the evidence have a reasonable doubt of defendant's guilt arising out of any part of the evidence, they must find the defendant not guilty.

**2. Witnesses ⟂363(1)—May be shown to be biased or interested for or against defendant.**

A witness may be shown to be biased or interested for or against the defendant.

**3. Witnesses ⟂374(2) — Cross-examination as to whether witness had not stated that she was going to meet with defendant to see what she was going to testify to held proper.**

In prosecution for murder, cross-examination of defendant's witness as to whether she had not told named person that she was going to meet with defendant to see what she was going to testify to, offered to show bias or interest, *held* proper.

**4. Witnesses ⟂374(2) — Cross-examination of witness for impeaching purposes held proper.**

Cross-examination of defendant's witness as to whether witness had not stated that defendant had killed deceased *held* proper to impeach witness.

Appeal from Circuit Court, Madison County; Robert C. Brickell, Judge.

John Townsend was convicted of manslaughter in the first degree, and he appeals. Reversed and remanded.

Eva Humphreys was introduced as a witness by the defendant, and on cross-examination the following questions were propounded to her by the solicitor:

"Did you and John H. go to Mr. Thornton's the evening after the killing or two or three evenings after the killing, and ask Mr. Thornton for a vehicle or for a horse and buggy, telling him that you were going over to Lewis Townsend's to meet with Lewis and John Townsend to see what you were going to say in this case?"

Also:

"Didn't you say when they carried the body home, in the presence of Mr. Thornton, and in the presence of the members of the family, that Johnny killed Hermand and killed him for nothing?"

Thornton was put upon the stand, and the same questions were asked him as were propounded to Eva Humphreys.

The other facts sufficiently appear from the opinion of the court.

Douglas Taylor and R. E. Smith, both of Huntsville, for appellant.

Court erred in the admission of the impeaching testimony. 14 Ala. App. 25, 70 South. 960; 17 Ala. App. 175, 83 South. 359; 197 Ala. 603, 73 South. 40. Court erred in refusing the charge requested. 124 Ala. 49, 27 South. 315; 135 Ala. 4, 33 South. 329.

Harwell G. Davis, Atty. Gen., for the State. Brief of counsel did not reach the Reporter.

BRICKEN, P. J. The defendant was indicted for murder in the first degree, was tried and convicted of manslaughter in the first degree, and in accordance with the verdict of the jury was duly sentenced to imprisonment in the penitentiary for five years.

[1] The court refused the following charge requested in writing by defendant:

"If the jury, upon considering all the evidence, have a reasonable doubt of defendant's guilt arising out of any part of the evidence, they must find the defendant not guilty."

This charge asserts a correct proposition of law and should have been given. It is identical in every respect to charge No. 44 in the case of Russell v. State, 201 Ala. 572, 78 South. 916, where the Supreme Court expressly held its refusal was error. It has been approved in many cases heretofore. Turner v. State, 124 Ala. 59, 27 South. 272; Hunt v. State, 135 Ala. 1, 33 South. 329; Walker v. State, 117 Ala. 45, 23 South. 149; Forney v. State, 98 Ala. 19, 13 South. 540; Hurd v. State, 94 Ala. 100, 10 South. 528; Prince v. State, 100 Ala. 144, 14 South. 409, 46 Am. St. Rep. 28; Henson v. State, 112 Ala. 41, 21 South. 79; Bardin v. State, 143 Ala. 74, 38 South. 833. In each of these cases and numerous other cases unnecessary to cite it has been held that the refusal of this identical charge is error. We feel sure that the learned trial judge in refusing this charge labored under the impression that it had been covered by the oral charge or by other given charges requested by the defendant. A careful examination into this question, however, fails to disclose that the propositions of law contained in this charge had been thus fairly and substantially covered, though it clearly appears that all of the other charges refused to the defendant were in substance and effect stated either by the oral charge or given by the court in the written charges at request of defendant.

[2-4] The rulings of the court upon the testimony were free from error. As to Eva Humphrey's testimony, it was competent to show her bias or interest for or against the defendant, and the fact that the state undertook to do so by the introduction of the evidence offered for this manifest purpose was clearly permissible and the court's ruling thereon free from error. Byrd v. State, 17 Ala. App. 301, 84 South. 777. This testimony

and the manner of its introduction was also permissible for the purpose of impeaching the witness.

For the error pointed out, the judgment of the circuit court is reversed, and the cause remanded.

Reversed and remanded.