(111 So. 452)

## HORN v. STATE. (7 Div. 260.)

Court of Appeals of Alabama. April 12, 1927.

Pruet & Glass, of Ashland, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

RICE, J. Appellant was convicted of the offense of being in possession of a still, etc., to be used for the purpose of manufacturing alcoholic liquor.

His counsel have filed on this appeal an excellent brief, which has been of great benefit to us in arriving at our conclusions.

The general admission in evidence of the affidavit and warrant, made and issued against the defendant before his arrest, was not proper, and we hold that their admission as in this case, without the purpose for which they were admitted being properly limited, was error. Moseley v. State, 19 Ala. App. 589, 99 So. 657. This holding, as we view it, is not contrary to the decisions of the Supreme Court in Richardson v. State, 111 So. 204.[1] In that case it was held that the affidavit and warrant were admissible for the purpose of showing that the offense charged was committed, if at all, before the institution of the prosecution. But we believe the Supreme Court meant to hold, and we hold, that that is the only purpose for which they were or are admissible.

There was no error in refusing to allow the witness Gerden Horn to state what the sheriff said when he was arranging bond for Jake Horn. There is no merit in the exception reserved to the ruling with reference to testimony by William Tate. The question disallowed called merely for the opinion or conclusion of the witness.

Written charge 1, requested by defendant and refused asserts a correct proposition of law, but its refusal was not error, for the reason that the same principle was given to the jury in the court's oral charge in connection with the written charges given at defendant's request. Adams v. State, 175 Ala. 8, 57 So. 591.

Written charge 14, refused to defendant, should have been given. Townsend v. State, 18 Ala. App. 242, 90 So. 58. The same is true as to written charge 16. Rakestraw v. State, 211 Ala. 535, 101 So. 182.

---

[1] 215 Ala. 318.

We find no other errors, but for those pointed out, all of which, we may state, are conceded by the Attorney General representing the state, the judgment must be reversed and the cause remanded.

Reversed and remanded.

