(113 So. 830)

## BAILEY v. STATE. (7 Div. 336.)

Court of Appeals of Alabama. Aug. 2, 1927.

BRICKEN, P. J. The indictment in this case charged murder in the second degree. The trial resulted in the conviction of defendant of manslaughter in the first degree; the jury fixed the punishment at seven years' imprisonment in the penitentiary. From the judgment of conviction pronounced and entered in accordance with the verdict of the jury, this appeal was taken.

The killing complained of was admitted by the accused. His version of the entire transaction is fully stated by his counsel in brief, as shown in the statement of the case.

The first exceptions noted relate to the rulings of the court on recross-examination of state witness Dr. Gay, wherein the defendant undertook to show that Charlie Hill, deceased, did not have proper food, after having been wounded. Also the question:

"I will ask you if it is not necessary for the recovery of the deceased for him to have had a diet, and that all of which he lacked?"

The court properly declined to allow this line of inquiry, for the law is: Where death is caused by a dangerous wound, the person inflicting it is responsible for the consequences, though the deceased might have recovered with the exercise of more prudence and with a different diet and better nursing. In this connection the court charged the jury as follows, and this portion of the oral charge has the approval of this court, to wit:

"Now, did the defendant kill the deceased, Charlie Hill? There was some testimony tending to show that perhaps the deceased man was neglected after he was injured, and that might have a tendency to show that on account of that he died, but it is for you to say whether it did or not, but the law is if those wounds that he received at the hands of the defendant, if he did receive any, if they were such as were calculated to produce death, no matter how the treatment might have been after that, that would have been the contributing cause of his death, and the fact that he was not treated properly would be no justification, and the defendant could not claim that as causing the death; it might have had something to do with it, but if the wounds were reasonably calculated to produce death and he died, although something else may have contributed to it, the defendant would still be held to have killed him if he struck the blow."

Witness Ivey Lowe testified:

"I knew Charlie Hill during his lifetime. I went to Charlie Hill's home on Saturday morning before he died that night. He told me that he was going to die; that he realized that death was pending; and that he was conscious of the fact that he was going to die."

This was a sufficient predicate for the admission of the dying declarations, and the objections to its introduction and exceptions reserved to the court's rulings in allowing witness to testify as to statements concerning the transaction by deceased are not well taken. Other exceptions reserved by defendant

J. J. Cockrell, of Lineville, and Pruet & Glass, of Ashland, for appellant.

Charlie C. McCall, Atty. Gen., for the State. Brief did not reach the Reporter.

on the admission of dying declarations are without merit.

A proper predicate was laid for the introduction of defendant's statement in the nature of a confession to Sheriff John Stewart. The statement given in evidence clearly appears to have been voluntary. On cross-examination defendant undertook to prove other statements made to the sheriff by defendant, but at a different time and place. No predicate was proven for these alleged statements; therefore the court properly sustained the objection by the state to the questions seeking to adduce same. It affirmatively appears from the record that different conversations were involved and that the rule which allows the defendant to prove the remainder of a statement where the state has brought out a part thereof does not apply.

A further discussion of points involved is not deemed necessary, except the refusal of certain special written charges to defendant. Refused charges 4, 5, and 6 are of the same import; they should have been given. The appellate courts of this state have many times held these charges to be good and that their refusal is error. In effect these charges are as follows:

"The court charges the jury that if, upon consideration of all the evidence, they have a reasonable doubt of defendant's guilt, arising out of any part of the testimony, they must find the defendant not guilty."

Charges of this character assert a correct legal proposition, and are apt in practically all criminal trials. We do not see how such charges could be considered abstract in any criminal case. The charges do not single out any part of the evidence and request a verdict upon that part. They hypothesize a consideration of all the evidence, and a failure to produce conviction of guilt. If the jury entertain a reasonable doubt of the defendant's guilt, after considering all the evidence, it is their duty to acquit, though the doubt arises from a part only of the evidence.

In Hurd v. State, 94 Ala. 100, 10 So. 528, Mr. Chief Justice Stone, for the court, said:

"It is certainly the duty of the jury, in pronouncing on issues submitted to them, to consider and weigh all the testimony in the case. This does not mean that all, or any part of it, shall be believed. The law exacts no such rule as that. It must be considered, and given such weight as the manner of giving it in, its intrinsic nature, and the other testimony in the cause entitle it to. This much, and nothing more. This the jury must and will do, as the only way of performing their highest, sworn duty of rendering a true verdict according to the evidence."

See, also, the following cases which hold the refusal of said charges to be error: Hurd v. State, 94 Ala. 100, 10 So. 528; Forney v. State, 98 Ala. 21, 13 So. 540; Prince v. State, 100 Ala. 146, 14 So. 409, 46 Am. St. Rep. 28; Miller v. State, 107 Ala. 58, 19 So. 37; Riddle v. Webb, 110 Ala. 604, 18 So. 323; Henson v. State, 112 Ala. 46, 21 So. 79; Walker v. State, 117 Ala. 55, 23 So. 149; Liner v. State, 124 Ala. 1, 27 So. 438; Bardin v. State, 143 Ala. 77, 38 So. 833; Griffin v. State, 150 Ala. 49, 43 So. 197; Welch v. State, 156 Ala. 118, 46 So. 856; Davidson v. State, 167 Ala. 69, 52 So. 751, 140 Am. St. Rep. 17; Campbell v. State, 182 Ala. 33, 62 So. 57; Roberson v. State, 183 Ala. 55, 62 So. 837; Black v. State, 1 Ala. App. 173, 55 So. 948; Campbell v. State, 13 Ala. App. 77, 69 So. 322; Townsend v. State, 18 Ala. App. 242, 90 So. 58; Veasey v. State, 20 Ala. App. 478, 103 So. 67.

For the errors indicated, the judgment of conviction from which this appeal was taken is reversed, and the cause remanded.

Reversed and remanded.