164 So. 306

**WHITEHEAD v. STATE.**

2 Div. 553.

Court of Appeals of Alabama.

Nov. 19, 1935.

A. A. Carmichael, Atty. Gen., and Jas. L. Screws, Asst. Atty. Gen., for the State.

' Ira D. Pruitt, of Livingston, for appellant.

SAMFORD, Judge.

Defendant and his wife were the joint owners and in the joint possession of the home where they lived together as husband and wife. In June, 1934, the officers searched the premises and found three gallons of whisky in the loft to the house, and four quarts in the pockets of the dress then being worn by the wife. The defendant was present when the search was made and when the three gallons were found, and when the officers continued to search, the defendant said, "Mr. Earl, that is all there is up there."

■ There is no question as to the corpus delicti. The only question is, Did the defendant have a guilty knowledge that the whisky was in the loft of the house in which he was living? We think that the constructive possession being in him, his statement to the sheriff, who was making the search, was an indication that defendant was familiar with the fact that the whisky was in the loft, and that he was a party to its possession. The general charge was properly refused. A proper predicate having been laid, the admission of the statement of defendant tending to connect him with the crime was without error.

■ The solicitor, in cross-examining defendant who was testifying in his own behalf and who has disclaimed all knowledge of the presence of the whisky in the loft, asked defendant if he was never in the loft to the house. To this question the answer was, "No." This question was permissible on cross-examination, and was properly allowed.

Defendant's refused charge 5 was fully covered by the court in its general charge.

■ Defendant's refused charge 7 states a correct proposition of law, and should have been given. Bailey v. State, 22 Ala. App. 185, 113 So. 830. Under Code 1923, § 9509, charges moved for by either party must be in writing and must be given or refused in the terms in which they are written. We do not find that this charge is covered by the general charge in such manner as to present the exact point sought to be emphasized in this charge.

For this error, the judgment is reversed and the cause is remanded.

Reversed and remanded.