75 So.2d 109

## SANFORD

v.

## STATE.

### 6 Div. 909.

Court of Appeals of Alabama.

May 18, 1954.

Rehearing Denied June 15, 1954.

Tweedy & Beach, Jasper, for appellant.

Si Garrett, Atty. Gen., and Paul T. Gish, Jr., Asst. Atty. Gen., for the State.

CARR, Presiding Judge.

Without dispute in the evidence the appellant, Giles Sanford, ran his car over or against a young lady and caused her immediate death. The girl was walking with a female companion along the edge or shoulder of a paved highway.

According to the State's evidence, and it is not disputed, the accused was intoxicated at the time.

The defendant testified that he was so drunk that he did not know what he was doing. In fact, he claimed that he experienced a complete mental blackout a short time before the unfortunate incident and remained in this condition until some time thereafter.

Appellant's attorneys devote the major portion of their brief to the insistence that

the court fell into error in refusing some written instructions to the defendant. Among these is charge lettered I:

"The Court charges the jury that, if the jury, upon considering all the evidence, have a reasonable doubt about the defendant's guilt, arising out of any part of the evidence, they should find him not guilty."

In the early case of Hurd v. State, 94 Ala. 100, 10 So. 528, the court devoted its entire opinion to a discussion of this charge and reversed the judgment below because it was refused. The court followed this authority in Forney v. State, 98 Ala. 19, 13 So. 540, and Walker v. State, 117 Ala. 42, 23 So. 149.

In the case of Hale v. State, 122 Ala. 85, 26 So. 236, a similar charge was approved and this holding was followed in Williams v. State, 129 Ala. 659, 30 So. 910.

The Supreme Court again approved the instruction in Hunt v. State, 135 Ala. 1, 33 So. 329, and Griffin v. State, 150 Ala. 49, 43 So. 197.

In the case of Porter v. State, 140 Ala. 87, 37 So. 81, because of the factual issues involved the charge was disapproved.

In the case of Davidson v. State, 167 Ala. 68, 52 So. 751, the court held that the charge could "hardly be abstract in any criminal case."

The court condemned the instruction in Campbell v. State, 182 Ala. 18, 62 So. 57, for the reason it concluded "to an acquittal upon a hypothesis that justified that result without a due consideration by the jury of all of the evidence on the issue of guilt vel non."

It was held to be reversible error to refuse it in Russell v. State, 201 Ala. 572, 78 So. 916.

The Supreme Court reviewed the charge in Cagle v. State, 211 Ala. 346, 100 So. 318, 320, and held that it was misleading because it predicated an acquittal on a reasonable doubt of guilt " 'arising out of any part of the evidence.' "

A short time after the date of this opinion, in Rakestraw v. State, 211 Ala. 535, 101 So. 181, 183, the Supreme Court had this to say in approving the charge:

"Charge 2, refused to defendant Jim Rakestraw, should have been given, even though it were conceded that the general affirmative charge with hypothesis was properly given against him."

This court has approved the charge in the following cases: Black v. State, 1 Ala.App. 168, 55 So. 948; Martin v. State, 3 Ala.App. 186, 57 So. 1032; Rosenberg v. State, 5 Ala. App. 196, 59 So. 366; Townsend v. State, 18 Ala.App. 242, 90 So. 58; Veasey v. State, 20 Ala.App. 478, 103 So. 67; Horn v. State, 22 Ala.App. 66, 111 So. 452; Bailey v. State, 22 Ala.App. 185, 113 So. 830; Whitehead v. State, 26 Ala.App. 592, 164 So. 306.

After diligent search we are unable to find any case from this court which has condemned the instruction.

It is evincingly clear that the authorities from the Supreme Court are not in accord as to the propriety of the refusal of the charge in question. Certainly a majority of them do not disapprove it.

■ As we view our task, we must look to the last word of the Supreme Court. Title 13, § 95, Code 1940. This is found in the Rakestraw case, supra.

There are some questions presented for our review arising out of the introduction of evidence, argument of counsel and the refusal of other written instructions. These matters will not likely appear in instant form in the event of another trial.

■ For error in refusing written instruction lettered I the judgment below is ordered reversed and the cause is remanded.

Reversed and remanded.