BOOKOUT, Judge.
Assault and battery; sentence: ninety days and a fine of $500.
The trial judge refused Charge No. 15 requested by the defense, which was as follows:
“The Court charges the jury that if you have a reasonable doubt of defendant’s guilt growing out of the evidence or any part of it, you must acquit him.”
The trial court did not instruct the jury that a reasonable doubt may arise from only a part of the evidence. Neither was *1075 that matter covered in any given charges. On the contrary, the trial court instructed the jury as to a reasonable doubt arising after considering all the evidence.
In Rakestraw v. State, 211 Ala. 535, 101 So. 181 (1924), the Supreme Court held that it was error to refuse to give the following charge:
“ ‘If, after considering all the evidence in the case, you have a reasonable doubt as to the guilt of the defendant Jim Rake-straw growing out of any part of the evidence, you should find him not guilty.' ”
Citing Rakestraw as authority, this court in Sanford v. State, 37 Ala.App. 603, 75 So.2d 109 (1954), held that it was error to refuse to give the following charge:
“ ‘The Court charges the jury that, if the jury, upon considering all the evidence, have a reasonable doubt about the defendant’s guilt, arising out of any part of the evidence, they should find him not guilty.’ ”
The opinion in Sanford sets out a lengthy history of the charge, citing numerous cases wherein the substance of the charge in question had been approved.
In Johnson v. State, 42 Ala.App. 511, 169 So.2d 773 (1964), this court held that it was reversible error to refuse to give the following charge:
“ ‘7. The court charges the jury, if the jury upon considering all of the testimony, have a reasonable doubt about the defendant’s guilt, arising out of any part of the evidence, they should find the defendant not guilty.’ ”
In Smith v. State, 51 Ala.App. 527, 287 So.2d 238 (1973), cert. denied, 292 Ala. 750, 289 So.2d 808 (1974), this court again found reversible error in the trial court’s refusal to give the following charge:
“‘3. The court charges you, gentlemen of the jury, that if, upon considering all the evidence, you have a reasonable doubt about the guilt of the Defendant, arising out of any part of the evidence, you must find the Defendant not guilty.’ ”
More recently, reversible error was found by this court in Bryant v. State, Ala.Cr.App., 348 So.2d 1136, cert. denied, Ala., 348 So.2d 1138 (1977), for failure to give the following charge:
“. . . ‘. . .If you have a reasonable doubt of defendant’s guilt growing out of the evidence or any part of it, you must acquit him.’ ”
Our most recent holding in this regard is found in Richards v. State, Ala.Cr.App., 358 So.2d 488 [Ms. March 21, 1978], wherein we found reversible error in the refusal of the trial court to give the following charge:
“ ‘D. 4 I charge you that if you have a reasonable doubt of James Richards’ guilt growing out of the evidence or any part of it, you must acquit him.’ ”
Based on the foregoing authorities, we find that the appellant in the instant case was entitled to have the jury charge that a reasonable doubt as to his guilt may grow out of any part of the evidence. The refusal to so instruct the jury mandates a new trial.
REVERSED AND REMANDED.
All the Judges concur.